In re Howard G. EMMERT, Sr., Debtor.

SIETING CONSTRUCTION, Plaintiff,

v.

Howard G. EMMERT, Sr., Defendant.

Bankruptcy No. NT 79–02026.
Adv. No. 80–0102.

United States Bankruptcy Court,
W. D. Michigan.

May 20, 1981.

Robert J. Kievit, Kalkaska, Mich., for plaintiff.

Paul I. Bare, Traverse City, Mich., for defendant.

## OPINION

### DISCHARGEABILITY—BUILDERS TRUST FUND—FIDUCIARY

DAVID E. NIMS, Jr., Bankruptcy Judge.

Sieting Construction (Sieting) filed its complaint against Howard G. Emmert, Sr., (Emmert), the debtor, for a determination that the claim of Sieting is nondischargeable and for the entry of a judgment thereon.

The parties have submitted this proceeding on a stipulation of facts which is as follows:

"1. That the Plaintiff is a corporation organized under the laws of the State of Michigan.

"2. That Defendant is the debtor having filed his Petition on November 7, 1979 and having attended a First Meeting of Creditors on December 14, 1979 and an objection to discharge having been filed by Plaintiff on February 25, 1980.

"3. That materials were furnished by Plaintiff to Defendant for the Michigan Bell job and the Defendant did use all of Plaintiff's materials on said project.

"4. Defendant received payment on this job by invoice and check specifically identifying Plaintiff's Statement.

"5. That the approximate amount of $6,000.00 was received by Defendant for payment of Defendant's and other claims, and the funds were not conveyed to the Plaintiff.

"6. The Plaintiff was not paid the amount of the invoice submitted by Defendant for the Plaintiff's claim.

"7. That Defendant is indebted to Plaintiff in the sum of $2,994.00."

11 U.S.C. Sec. 523(a) provides in part: "A discharge under Section 727 * * of this title does not discharge an individual debtor from any debt—
" * * *

"(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;"

This language is not materially different than that in Section 17(a) of the Bankruptcy Act of 1898.

The theory of Sieting is that the Michigan Building Contract Fund Act, Mich. Comp. Laws Sec. 570.151 et seq. [Mich.Stat. Ann. Sec. 26.331 et seq. (Callaghan 1970)] created a trust fund and when Emmert

used this fund other than to pay debts incurred on the Bell job, he was guilty of a defalcation.

In a case under the 1898 Act, I held that the Michigan Builders Trust Fund Act did not in itself cause the debtor contractor to be in a fiduciary capacity. *In re Johnson,* 23 C.B.C. 80 (Bankruptcy Ct., W.D.Mich., 1980). This decision was recently affirmed on appeal. *In re Johnson,* 10 B.R. 322 (Bkrtcy.W.D.Mich., 1981). For the reasons set forth in the opinion of the District Court and this Court in *In re Johnson, supra,* I find the claim of Sieting to be dischargeable and its complaint is dismissed with prejudice and without costs to either party.